Edward ELLINGTON, Plaintiff–
Appellant,

v.

James CASHELL, individually and as
the Sheriff and Agent of Gallatin
County; Travis Swandal, individually
and as a Deputy Sheriff, Detective and
Agent of Gallatin County; Gallatin
County, a political subdivision of the
State of Montana; State of Montana;
John Does, I–X, Defendants–Appel-
lees.

No. 08–36066.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 1, 2010.*

Decided March 8, 2010.

Terry F. Schaplow, I, Terry F. Scha-
plow, P.C., Bozeman, MT, for Plaintiff–
Appellant.

Todd A. Stubbs, Esquire, Moore, O'Con-
nell & Refling, P.C., Bozeman, MT, Bren-
da K. Elias, Diana L. Koch, Department of
Corrections, Helena, MT, for Defendant–
Appellee.

Before: ALARCÓN, W. FLETCHER
and RAWLINSON, Circuit Judges.

MEMORANDUM **

Plaintiff Edward Ellington appeals the
district court's orders granting summary
judgment to the Gallatin County Defen-
dants and granting the State of Montana's

Rule 12(b)(6) motion to dismiss. We af-
firm.

Officer Swandal and the Gallatin County
Defendants were not collaterally estopped
from relitigating the issue of probable
cause. They were not in sufficient privity
with the State of Montana to provide them
a "full and fair opportunity to litigate" the
issue of .probable cause in the criminal
prosecution of Ellington. *See Baltrusch v.
Baltrusch,* 2006 MT 51 ¶ 18, 331 Mont. 281,
130 P.3d 1267, 1274 (2006).

Officer Swandal is entitled to a qualified
immunity defense. The relevant inquiry is
whether "a reasonable officer could have
believed that probable cause existed [for
the] arrest." *Hunter v. Bryant,* 502 U.S.
224, 228, 112 S.Ct. 534, 116 L.Ed.2d 589
(1991). "Even law enforcement officials
who 'reasonably but mistakenly conclude
that probable cause is present' are entitled
to immunity." *Id.* at 227, 112 S.Ct. 534
(quoting *Anderson v. Creighton,* 483 U.S.
635, 641, 107 S.Ct. 3034, 97 L.Ed.2d 523
(1987)).

Officer Swandal was in the process of
serving a warrant on Stacy Wizenburg's
vehicle based on suspicion that she was
engaged in drug distribution. It is undis-
puted that Ellington was speaking with the
occupants of the vehicle. The casino park-
ing lot where Ellington and the car were
located was a well known place of drug
activity. As the officers approached the
car, Ellington moved from the driver's side
window around the front of the car. Even
taking the evidence in the light most favor-
able to Ellington, his movement away from
the driver's side window around the front
of the car could have reasonably been seen
as evasive.

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

Ellington has waived appellate review of the district court's October 27, 2008 order granting summary judgment for the remaining Gallatin County Defendants and granting the State of Montana's Rule 12(b)(6) motion to dismiss. We "review only issues which are argued specifically and distinctly in a party's opening brief." *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir.1994). In his briefing to this court, Ellington discusses only the order dismissing Officer Swandal.

AFFIRMED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.